**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**RYAN GALEY and REGINA GALEY**                                                    **PLAINTIFFS**

**V.**                                                                      **CIVIL ACTION NO. 2:14cv153-KS-MTP**

**JASON WALTERS and
DOES 1 through 10**                                                                 **DEFENDANTS**

**OPINION AND ORDER**

This matter is before the Court on the Defendant Jason Walters' Motion to

Dismiss [4].  Having considered the submissions of the parties, the record, and the

applicable law, the Court finds that the bases for dismissal urged by the Defendant are

not well taken.  Thus, the motion will be denied.  However, the Court questions the

viability of the Plaintiffs' federal cause of action based upon its *sua sponte* review of the

sufficiency of the claim under controlling Fifth Circuit precedent.  The Plaintiffs will

therefore be required to show cause as to why their federal claim against the Defendant

should not be dismissed.

On September 19, 2014, Plaintiffs Ryan Galey and Regina Galey filed this action

against Walters, alleging federal and state law claims relating to Walters purportedly

accessing and then disseminating private communications and photographs from

Regina Galey's cellular telephone.  (*See* Compl. [1].)  The Complaint asserts four

causes of action:  (i) violations of the Stored Communications Act ("SCA"), 18 U.S.C. §§

2701-2712; (ii) invasion of privacy—intrusion upon seclusion; (iii) invasion of privacy—

public disclosure of private facts; and (iv) intentional infliction of emotional distress.

Plaintiffs seek, *inter alia*, statutory damages under the SCA, punitive damages, and

attorneys' fees.

On October 10, 2014, Walters filed his Motion to Dismiss [4] pursuant to Rule 12 of the Federal Rules of Civil Procedure.  Walters presents two bases for dismissal:  (i) improper venue; and (ii) the failure of the Plaintiffs "to provide any proof of ownership of the phone from which they base the allegations made in the Complaint."  (Def.'s Mot. to Dismiss [4] at ¶ 3.)  According to Walters, questions regarding the phone and photographs referenced in the Complaint are also at issue in a separate alienation of affection action brought by Walters against Ryan Galey in the Circuit Court of Forrest County, Mississippi (the "State Action").  Walters asserts that he filed the State Action months before the Plaintiffs filed the instant suit.  Further, Plaintiffs purportedly filed this action in lieu of responding to Walters' repeated requests for proof of ownership of the subject telephone.

Walters fails to reference any specific section or subsection of Rule 12 in support of dismissal.  Nonetheless, his improper venue defense clearly falls under the scope of Rule 12(b)(3).  "On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff."  *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 Fed. Appx. 612, 615 (5th Cir. 2007) (citing *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004); 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1352 (3d ed. 2004)).  The general venue statute, which applies here, states in pertinent part that an action may be brought in "a judicial district in which any defendant resides . . . ."  28 U.S.C. § 1391(b)(1).  The Complaint avers that Walters resides in Forrest County, Mississippi.  (*See* Compl. [1] at ¶ 3.)  Forrest County is located in the Southern District of Mississippi.  *See* 28 U.S.C. § 104(b)(3).  Accordingly, taking the allegations of the

Complaint as true, venue is proper in this District.

To the extent Walters is contending that venue is improper because of the existence of the related State Action, the Court rejects that contention.  Walters cites no statute or court opinion favoring the Rule 12(b)(3) dismissal of a federal action due to a relating proceeding pending in state court.  Moreover, duplicative federal and state court actions are usually allowed to proceed until a judgment is rendered in one of the forums. *See, e.g.*, *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 369-70 n.10 (5th Cir. 1995); *Weinrich v. Levi Strauss & Co.*, 366 F. Supp. 2d 439, 445-46 (S.D. Miss. 2005).  Walters' motion says nothing about the entry of judgment in the State Action. For all of these reasons, Walters' request for dismissal under Rule 12(b)(3) is refused.

Walters' second ground for dismissal is not so easy to classify.  The purported failure of the Plaintiffs "to provide any proof" does not fit into any of the subsections of Rule 12(b).  (Def.'s Mot. to Dismiss [4] at ¶ 3.)  Walters' proof-related dismissal request also falls outside the scope of Rule 12(c), which authorizes a judgment on the pleadings.  Viewing the limited averments of the Motion to Dismiss *in toto*, the Court finds that Walters is actually requesting dismissal based on a discovery dispute. Preceding this dismissal request, Walters complains that the Plaintiffs have yet to serve their "Pre-Discovery Disclosures."  (Def.'s Mot. to Dismiss [4] at ¶ 2.)  Walters also posits that counsel for the Plaintiffs rebuked his counsel's multiple requests for "proof of ownership of the subject phone" between the filing of the State Action and this lawsuit. (Def.'s Mot. to Dismiss [4] at ¶ 2.)  Any dispute between the parties regarding the failure of legal counsel to respond to a request for proof (i.e., information) relating to the State

Action and predating this federal action should be submitted to the judge presiding over the State Action.  Furthermore, the time for service of the parties' initial disclosures in this cause has not yet been established by the entry of a scheduling order under Local Uniform Civil Rule 16(a).  *See* L.U.Civ.R. 26(a)(1)(A).  Therefore, Walters' argument for dismissal of the Complaint due to the Plaintiffs' alleged failure to furnish proof is misplaced, premature, and denied.

Notwithstanding the foregoing, the Court has serious doubts regarding the viability of the Plaintiffs' first cause of action under the SCA.  The Complaint alleges violations of Title 18 U.S.C. § 2701(a) based on Walters' unauthorized and intentional access of Regina Galey's communications and photographs from her cellular phone and subscriber identity module card.  (*See* Compl. [1] at ¶¶ 10, 26-28.)  Plaintiffs' opposition to Walters' dismissal motion describes the "gravamen of the Complaint" as Walters seizing "private and personal communications, photographs and other information relating to both Plaintiffs which was stored in Regina's *cellular telephone*, and . . . thereafter intentionally and publically disseminat[ing] the seized information without the authorization of either of the Plaintiffs."  (Pls.' Resp. Mem. to Mot. to Dismiss [7] at p. 4) (emphasis added).  The United States Court of Appeals for the Fifth Circuit has affirmed the dismissal of similar claims because "the Stored Communications Act . . . does not apply to data stored in a *personal cell phone*."  *Garcia v. City of Laredo, Tex.*, 702 F.3d 788, 790 (5th Cir. 2012) (emphasis added).  There are other authorities in accord.  *See, e.g.*, *In re Google Inc. Cookie Placement Consumer Privacy Litig.*, 988 F. Supp. 2d 434, 446-47 (D. Del. 2013); *Navarro v. Verizon Wireless, L.L.C.*, No. 12-1958, 2013 WL 275977, at *3 (E.D. La. Jan. 24, 2013).

The Court has the authority to consider the sufficiency of a cause of action on its own accord.  *See Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 642 (5th Cir. 2007) (citation omitted).  However, a district court must usually afford a claimant notice and an opportunity to respond prior to the *sua sponte* dismissal of an action for failure to state a claim.  *Id.* at 642-43.  Via this Order, the Plaintiffs are notified of the Court's intention to dismiss their SCA cause of action unless they are able to show cause as to why *Garcia v. City of Laredo* does not mandate dismissal.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss [4] is denied.

IT IS FURTHER ORDERED AND ADJUDGED that on or before January 9, 2015, Plaintiffs shall file a written response with the Court showing cause as to why the Fifth Circuit's decision in *Garcia v. City of Laredo, Tex.*, 702 F.3d 788 (5th Cir. 2012) does not require the dismissal of their claims under the Stored Communications Act.

SO ORDERED AND ADJUDGED this the 22nd day of December, 2014.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE