**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

RYAN GALEY and REGINA GALEY                                               PLAINTIFFS

V.                                                              CIVIL ACTION NO. 2:14cv153-KS-MTP

JASON WALTERS and
DOES 1 through 10                                                         DEFENDANTS

<u>**OPINION AND ORDER**</u>

This matter is before the Court upon its consideration of the Plaintiffs' Response to Order to Show Cause [9].  On December 22, 2014, the Court entered its Opinion and Order [8] on the Defendant Jason Walters' Motion to Dismiss [4].  The Court found the grounds for dismissal urged by Walters not well taken and denied the motion.  The Court also questioned the viability of the Plaintiffs' sole federal cause of action pursuant to its *sua sponte* review of the claim and the Fifth Circuit's decision in *Garcia v. City of Laredo, Texas*, 702 F.3d 788 (5th Cir. 2012).  The Court thus ordered the Plaintiffs to show cause as to why *Garcia* does not mandate the dismissal of their allegations that Walters violated the Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701-2712. Having considered the Plaintiffs' Response [9], the allegations of the Complaint [1], and the controlling law, the Court finds that the Plaintiffs' SCA cause of action should be dismissed without prejudice and with leave to amend.

The SCA states in pertinent part:

Except as provided in subsection (c) of this section whoever--

> (1) intentionally accesses without authorization a facility through which an electronic communication service is provided; or

> (2) intentionally exceeds an authorization to access that facility;

and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system shall be punished as provided in subsection (b) of this section.

18 U.S.C. § 2701(a).[1]  The SCA authorizes criminal punishment and provides for private civil actions for damages.  *See* 18 U.S.C. § 2707.  Plaintiffs allege violations of § 2701(a) based on Walters intentionally obtaining private "communications and photographs that were electronically stored on Regina[ Galey's] cellular telephone, SIM [subscriber identity module] card and elsewhere" without her authorization.  (Compl. [1] at ¶ 10.)

The Fifth Circuit considered a similar claim in *Garcia*.  Fannie Garcia alleged that the defendants violated the SCA by accessing without permission text messages and photographs stored on her cell phone.  *See Garcia*, 702 F.3d at 790.  The Fifth Circuit affirmed the dismissal of Garcia's claim because "the Stored Communications Act . . . does not apply to data stored in a personal cell phone."  *Id.*  As an initial matter, the Fifth Circuit referenced several authorities militating against Garcia's contention that a computer or mobile device, such as her cell phone, fell within the scope of a statutory "facility":

The court [Eleventh Circuit] found that the SCA clearly applies . . . to

---

[1] The term "facility" is not defined under the SCA.  *See Garcia*, 702 F.3d at 792. However, the statute defines an "electronic communication service" as "any service which provides to users thereof the ability to send or receive wire or electronic communications."  18 U.S.C. § 2510(15).  The definitions listed in § 2510 are incorporated by reference into the SCA via 18 U.S.C. § 2711(1).  "'Electronic storage' is defined as '(A) any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof; and (B) any storage of such communication by an electronic communication service for purposes of backup protection of such communication.'"  *Garcia*, 702 F.3d at 792 (quoting 18 U.S.C. § 2510(17)).

information stored with a phone company, Internet Service Provider (ISP), or electronic bulletin board system, but does not, however, appear to apply to the source's hacking into Steiger's computer to download images and identifying information stored on his hard-drive. . . .

A number of district courts that have considered this question have also concluded that the relevant facilities that the SCA is designed to protect are not computers that *enable* the use of an electronic communication service, but instead are facilities that are *operated by* electronic communication service providers and used to store and maintain electronic storage. Recently, the Northern District of California held that a class of iPhone plaintiffs had no claim under the SCA because their iPhones did not constitute facilit[ies] through which an electronic communication service is provided.

Thus these courts agree that a home computer of an end user is not protected by the SCA. . . .

[The SCA] deals only with facilities operated by electronic communications services such as electronic bulletin boards and computer mail facilit[ies], and the risk that communications temporarily stored in these facilities could be accessed by hackers.  It makes no mention of individual users' computers.

*Id.* at 792-93 (citations and internal quotation marks omitted).  Even assuming that Garcia's phone could somehow be considered a "facility" under the SCA, she could not meet the "electronic storage" and "electronic communication service" elements of the statute.  *Id.* at 793.  Information temporarily stored with a telephone company pending delivery or stored with such a company for backup protection services is statutorily protected, "[b]ut information that an individual stores to his hard drive or cell phone is not in electronic storage under the statute."  *Id.* (citations omitted).  A "cell phone does not *provide* an electronic communication service just because the device *enables* use of electronic communications services . . . ."  *Id.*  Garcia's failure to present evidence of any defendant obtaining information from a cellular company or network, as opposed to her phone, was fatal to her SCA claim.  *Id.*

-3-

The Court's *sua sponte* consideration of the sufficiency of the Plaintiffs' SCA cause of action under Federal Rule of Civil Procedure 12(b)(6) focuses on the factual averments of the Complaint [1].  *See Whatley v. Coffin*, 496 Fed. Appx. 414, 416 (5th Cir. 2012).  Viewed through the prism of Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*; *see also In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010) ("To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'") (quoting *Twombly*, 550 U.S. at 555).  A complaint containing mere "labels and conclusions, or a formulaic recitation of the elements" is insufficient.  *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012) (citation and internal quotation marks omitted).  Although courts are to accept all well-pleaded facts as true and view those facts in the light most favorable to the nonmoving party, courts are not required "to accept as true a legal conclusion couched as factual allegation."  *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations omitted).

The factual allegations of the Plaintiffs' Complaint fail to state a plausible violation of the SCA.  Plaintiffs' central allegation that Walters intentionally, and without authorization, seized communications and photographs that were stored on Regina Galey's "cellular telephone" is legally insufficient under controlling Fifth Circuit case law.

-4-

(Compl. [1] at ¶¶ 8, 9, 10.)  "[T]he Stored Communications Act . . . does not apply to data stored in a personal cell phone."  *Garcia*, 702 F.3d at 790.  The Complaint's reference to a SIM card also fails to implicate the protections of the SCA.  Generally, a SIM card is a removable component of a cellular telephone that stores information such as a subscriber's telephone number.  *See Celltrace LLC v. AT & T Inc.*, No. 6:09cv294, 2011 WL 738927, at *19-20 (E.D. Tex. Feb. 23, 2011).  The Court discerns no legally significant distinction between a SIM card and other personal devices—a "cell phone," a "hard-drive," and a "home computer"—that have been found unprotected by the SCA.  *Garcia*, 702 F.3d at 792, 793.[2]  Further, "information that an individual stores to his hard drive or cell phone is not in electronic storage under the statute."  *Id.* at 793.  Plaintiffs' vague and conclusory assertion that Walters improperly obtained protected information electronically stored "elsewhere"[3] hardly raises their right to relief "above the speculative level."  *Wilson v. Birnberg*, 569 Fed. Appx. 343, 348 (5th Cir. 2014).

Plaintiffs' aforementioned Response [9] posits that Walters violated the SCA by not simply obtaining information stored on Regina Galey's cellular telephone, but by "using the information he thereby obtained to access, obtain and disseminate the Galeys' private information stored with the phone company and/or Internet Service Provider."  (Resp. [9] at p. 4.)  Fifth Circuit precedent would appear to support the viability of this SCA claim.  *See Garcia*, 702 F.3d at 792 ("Courts have interpreted the

---

[2] *See also In re Google Inc. Cookie Placement Consumer Privacy Litig.*, 988 F. Supp. 2d 434, 446 (D. Del. 2013) ("An individual's personal computing device is not 'a facility through which an electronic communication service is provided,' as required under the SCA.").

[3] (Compl. [1] at ¶¶ 9, 10.)

statute to apply to providers of a communication service such as telephone companies,

Internet or e-mail service providers, and bulletin board services.").  Nonetheless, the

Response [9] is not the operative pleading and the Court finds no references to any

telephone company or internet service provider on the face of the Plaintiffs' Complaint

[1].  *Cf. Leal v. McHugh*, 731 F.3d 405, 407-08 n.2 (5th Cir. 2013) (declining to consider

additional facts asserted in an appellate brief but not the complaint in reviewing

dismissal under Rule 12(b)(6)).  Therefore, the Plaintiffs' cause of action against

Walters under the SCA will be dismissed for failure to state a claim.  The dismissal will

be without prejudice and the Plaintiffs will be afforded an opportunity to file an amended

pleading curing the aforementioned deficiencies in their federal claim.  *See Hart v.*

*Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000).

IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiffs' claims

against the Defendant for violations of the Stored Communications Act under Title 18

U.S.C. § 2701(a) are dismissed without prejudice; and, the Plaintiffs are granted leave

to file an amended complaint within fourteen (14) days of the entry of this Order.

SO ORDERED AND ADJUDGED this the 20th day of January, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE