IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

RYAN GALEY and REGINA GALEY                                          PLAINTIFFS

V.                                                  CIVIL ACTION NO. 2:14cv153-KS-MTP

JASON WALTERS and
DOES 1 through 10                                                     DEFENDANTS

## OPINION AND ORDER

This matter is before the Court on the Defendant Jason Walters' Motion to Dismiss [15]. Having considered the submissions of the parties, the record, and the applicable law, the Court finds that the motion should be denied.

On September 19, 2014, Plaintiffs Ryan Galey and Regina Galey filed this action against Walters, alleging federal and state law claims relating to Walters purportedly accessing and then disseminating private communications and photographs from Regina Galey's cellular telephone, memory storage card, and/or Subscriber Identity Module card. (*See* Compl. [1].) On October 10, 2014, Walters moved for dismissal on two grounds: (1) improper venue and (2) the failure of the Plaintiffs "to provide any proof of ownership of the phone from which they base the allegations made in the Complaint." (Def.'s Mot. to Dismiss [4] at ¶ 3.) On December 22, 2014, the Court denied Walters' dismissal motion, but questioned the viability of the Plaintiffs' sole federal cause of action pursuant to its *sua sponte* review of the claim and the Fifth Circuit's decision in *Garcia v. City of Laredo, Texas*, 702 F.3d 788 (5th Cir. 2012). (*See* Opinion & Order [8].) The Court thus ordered the Plaintiffs to show cause as to why *Garcia* did not mandate the dismissal of their allegations that Walters violated the Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701-2712. After considering the

Plaintiffs' response, the Court dismissed their SCA claim without prejudice and with leave to file an amended complaint. (*See* Opinion & Order [10].) On February 4, 2015, Plaintiffs filed their First Amended Complaint [13]. On February 23, 2015, Walters filed the subject Motion to Dismiss [15].

Walters first argues that the Plaintiffs' First Amended Complaint fails to cure the deficiencies pertaining to their SCA claim identified in the Court's prior Order [10], and dismissal is required under Federal Rule of Civil Procedure 12(b)(6). The Court disagrees. The Fifth Circuit has held that "the Stored Communications Act . . . does not apply to data stored in a personal cell phone." *Garcia*, 702 F.3d at 790. However, the Fifth Circuit has also recognized court rulings interpreting the SCA "to apply to providers of a communication service such as telephone companies, Internet or e-mail service providers, and bulletin board services." *Id.* at 792 (citations omitted). In *Garcia*, the plaintiff's failure to present evidence of any defendant obtaining information from a cellular company or network, as opposed to her phone, was fatal to her SCA claim. *See id.* at 793. The Plaintiffs' First Amended Complaint alleges, *inter alia*, that Walters intentionally and without authorization accessed Regina Galey's private information and communications, which were electronically stored with Verizon (her cellular telephone service provider), Yahoo (her e-mail service provider), and Apple. (*See* 1st Am. Compl. [13] at ¶¶ 8-10.) Accepting these allegations "as true," the Court finds that the Plaintiffs have presented sufficient factual material "to 'state a [SCA] claim to relief that is plausible on its face.'" *Richardson v. Axion Logistics, L.L.C.*, 780 F.3d 304, 306 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). Whether the Plaintiffs can actually prove their allegations may be resolved

after discovery and through the summary judgment process.

Walters alternatively requests that the Court order the Plaintiffs to furnish a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Walters asserts that the only date listed in the Complaint is November 2013, when he was divorced from Regina Galey, and in the absence of the specific dates the Plaintiffs allege he committed multiple wrongful acts, the First Amended Complaint is too vague and ambiguous to enable the preparation of a responsive pleading. Rule 12(e) states in pertinent part: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The Court possesses "considerable discretion" in deciding a Rule 12(e) motion. *DVI Bus. Credit Corp. v. Crowder*, 193 F. Supp. 2d 1002, 1009 (S.D. Tex. 2002) (citation omitted). The Court exercises its discretion to deny Walters' alterative request. In addition to listing the month and year of Walters and Regina Galey's divorce, the First Amended Complaint alleges that Walters committed wrongful acts "[d]uring the pendency of the divorce action . . . ." (1st Am. Compl. [13] at ¶ 8.) Plaintiffs persuasively argue that Walters, as a party to the divorce proceeding, should be aware that the action was pending for approximately seven (7) months. *Cf. Wimsatt v. Fountainbleau Mgmt. Servs., LLC*, No. 1:10cv169, 2010 WL 4810207, at *4 (N.D. Miss. Nov. 19, 2010) (considering the defendant's independent knowledge of information that would enable it to admit or deny the plaintiffs' claims in denying a Rule 12(e) motion). Walters' ability to obtain through discovery the specific dates within the seven-month period the Plaintiffs allege he committed tortious acts warrants the denial of his Rule 12(e) motion. "Motions for more

definite statements are not substitutes for discovery . . . and they should be overruled where the information sought . . . can be . . . obtained through other procedures." *Marine Leasing Servs., Inc. v. S. & W. Barge Lines, Inc.*, 42 F.R.D. 659, 660 (N.D. Miss. 1967) (citations omitted); *see also Lewis v. Bellows Falls Congregation of Jehovah's Witnesses*, No. 1:14cv205, 2015 WL 1393240, at *9 (D. Vt. Mar. 25, 2015) (recognizing the general weight of authority holding that Rule 12(e) is designed to combat unintelligibility in a pleading, as opposed to lack of detail, and specific dates can be sought through discovery) (citations omitted).

IT IS THEREFORE ORDERED AND ADJUDGED that the Defendant's Motion to Dismiss [15] is denied. Counsel for the parties are directed to contact the chambers of the United States Magistrate Judge Michael T. Parker within seven (7) days of the entry of this Order to schedule a case management conference.

SO ORDERED AND ADJUDGED this the 8th day of May, 2015.

> *s/ Keith Starrett*
> UNITED STATES DISTRICT JUDGE